UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GLOBAL CROSSING ESTATE
REPRESENTATIVE, for itself and as the
Liquidating Trustee of the Global Crossing
Liquidating Trust,

        Plaintiff,

   -v-

CIBC CAPITAL PARTNERS (CAYMAN)
NO. 3, et al.,

        Defendants.
-------------------------------------------------------x

No.   06-CV-6452-LTS

## ORDER

      This case has been reassigned to the undersigned for purposes of responding to the appended inquiry.

      The request for access to sealed records in this case has come from an individual, Jennifer L. Sirois, who is not herself an attorney representing a party previously involved in the litigation, and the docket does not indicate that the settlement agreement Ms. Sirois seeks was filed in the instant case. The request is accordingly denied.

      The Court notes that, should there be any further request for records in this case or any related cases, such request must be made in a representative capacity by an attorney admitted in this Court. The Court will mail a copy of this order to Ms. Sirois at the address listed below.

      SO ORDERED.

Dated: June 13, 2024
      New York, New York

        /s/ Laura Taylor Swain
        LAURA TAYLOR SWAIN
        Chief United States District Judge

Mail to:
Sirois Investigative Agency
Post Office Box 367
Ocean Grove, NJ 07756



**SIROIS INVESTIGATIVE AGENCY**

Post Office Box 367
Ocean Grove, NJ  07756
732-775-3579
pi@siagency.org
siagency.org

June 3, 2024

Chief Judge Hon. Laura Taylor Swain
US District Court Southern District
500 Pearl Street
New York, NY 10007

**SUBJECT:**   Request for sealed documents pertaining to **T. Murphy Corporation**, Defendant in two related cases.  06-01550-cgm Global Crossing Estate Representative v CIBC Capital Partners (Cayman) No. 3 et al; related bankruptcy: 02-040188-scc Judge Cecelia G. Morris.  And, 1:06-cv-06452-GEL In Re: Global Crossing Ltd. Gerard E. Lynch

Dear Honorable Laura Taylor Swain:

    My name is Jennifer Sirois and my agency has been retained by Kathy Hogan, Esq., a family law attorney in Colorado.  Ms. Hogan asked my agency to find material information that might allow her to petition the court on behalf of her client to re-open her client's divorce property settlement.  Her client was married to Thomas Murphy, the beneficial owner of T. Murphy Corporation.

    Ms. Hogan believes that the contents of the sealed settlement between T. Murphy Corporation and the Southern District might help her meet the "material" threshold.

    If it helps, I don't need to personally read the settlement's contents.  It could be sent directly to my client: Kathy Hogan Esq., Hogan Omidi PC, 3773 Cherry Creek N Drive, Denver CO 80209; (303) 691-9600; kah@hoganomidi.com.  Ms. Hogan's assistant is Lisa Gonzales lrg@hoganomidi.com.

    I humbly request that you look favorably upon my request.

Respectfully Submitted,

*Jennifer L. Sirois*

Jennifer L. Sirois

---

Licensed, Bonded and Insured Private Detective Agency.  NJ License# 8475, PA License# 348-2020
DE License# 19-215-A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

GLOBAL CROSSING ESTATE
REPRESENTATIVE, FOR ITSELF AND AS
THE LIQUIDATING TRUSTEE OF THE
GLOBAL CROSSING LIQUIDATING
TRUST,

      Plaintiff,

v.

GARY WINNICK, *et al.*,

      Defendants.

------------------------------------------------------------x

Case No. 04 Civ. 2558 (GEL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/08

## [PROPOSED] BAR ORDER

WHEREAS, on January 27, 2004, in connection with the chapter 11 case captioned *In re Global Crossing Ltd., et al., Debtors*, Chapter 11 Case No. 02-40188 (REG) (Jointly Administered), the Estate Representative filed an adversary proceeding in the United Sates Bankruptcy Court for the Southern District of New York asserting claims for avoidance and recovery of allegedly fraudulent transfers, breach of fiduciary duties, fraud, and damages against, among others, Canadian Imperial Bank of Commerce ("CIBC"), CIBC Wood Gundy Capital (SFC) Inc., CIBC Oppenheimer Corp. and CIBC World Markets Corp. (collectively, the "CIBC Defendants") under the caption *Global Crossing Estate Representative, for Itself and as the Liquidating Trustee of the Global Crossing Liquidating Trust v. Winnick, et al.*, Adversary Proceeding No. 04-2137 (REG), which adversary proceeding was transferred to, and is now pending in, the United States

District Court for the Southern District of New York as Case No. 04 Civ. 2558 (GEL), pursuant to the District Court's withdrawal of the reference to the Bankruptcy Court ("Estate Representative Action"); and

WHEREAS, the Estate Representative also filed an adversary proceeding captioned *Global Crossing Estate Representative v. CIBC Capital Partners (Cayman) No. 3,* United States District Court, Southern District of New York, 06 Civ. 6452 (GEL), which action was voluntarily dismissed without prejudice on January 17, 2007, against CIBC Capital Partners (Cayman) No. 3, CIBC WG Argosy Merchant Fund 3 LP, Co-Investment Merchant Fund LLC, Caravelle Investment Fund, LLC, J. Bloom Corporation, D. Kehler Corporation, B. Raben Corporation, J. Levine Corporation, W. Phoenix Corporation, A. Heyer Corporation, M. Monello Corporation, L. Wagner Corporation, E. Levy Corporation, B. Spohler Corporation, W. McLallen Corporation, K. Read Corporation, B. Gerson Corporation, K. Magid Corporation, T. Murphy Corporation, M. Dalton Corporation, N. Wiesenberg Corporation, EJ Pipkin Corporation, J. Budish Corporation, J. Ross Corporation, P. Daniels Corporation, E. Mally Corporation, H. Noeding Corporation, N. Thomas Corporation, L. Debauge Corporation, A. Woolford Corporation, N. Wessan Corporation, S. Shapiro Corporation and J. Moglia Corporation (hereinafter referred to collectively as the "Additional Entities"); and

WHEREAS, the Estate Representative has entered into an agreement with the CIBC Defendants and the Additional Entities to settle all Claims pursuant to a Stipulation of

Settlement[1] subject to various conditions, including the entry of an order barring certain claims (the "Bar Order"); and

WHEREAS, the Stipulation of Settlement is available for the Court's review and copies thereof have been disclosed to each of the Nonsettling Defendants in the Estate Representative Action, subject to confidentiality restrictions; and

WHEREAS, the Estate Representative represents and warrants that under the Joint Plan of Reorganization of Global including section 5.8 thereof, the Estate Representative has the authority to enter into the Stipulation of Settlement and to fully perform and comply with all of its terms and conditions without the District Court's approval or the approval of any other court;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   All persons and entities, including without limitation the Estate Representative, are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting as against any of the CIBC Defendants or Additional Entities as defined herein any and all claims, any and all actions, causes of action, claims, counter-claims, cross-claims, proceedings, adjustments, executions, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, variances, covenants, trespasses, damages, demands (whether written or oral), agreements, promises, liabilities, controversies, costs, expenses,

---

[1] To the extent that this Order does not incorporate definitions of terms used in the Stipulation of Settlement, the definitions set forth in the Stipulation of Settlement shall apply.

attorneys' fees, and losses whatsoever, whether in law, admiralty, or equity, and whether based on any federal, state, foreign, statutory, civil or common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, liquidated or unliquidated, contingent or non-contingent, known or unknown, accrued or not accrued, existing now or to be created in the future, including, but not limited to, any such claims, however styled, whether for contribution or indemnification or otherwise denominated where the alleged injury to such person or entity is or arises from that person's or entity's alleged liability to Global Crossing or the Estate Representative, or any other representative of or successor to Global Crossing or its bankruptcy estate (collectively, the "Global Estate"), including, without limitation, any claim in which a person or entity seeks to recover from any of the CIBC Defendants or the Additional Entities, (i) any amounts such person or entity may become liable to pay to the Global Estate and/or (ii) any costs, expenses or attorneys' fees from defending any claim by the Global Estate (all of the above collectively referred to as the "Extinguished Claims"). All of the Extinguished Claims are hereby extinguished, discharged, satisfied, and deemed to be forever unenforceable. The provisions of this paragraph are intended to preclude any liability of any of the CIBC Defendants, Additional Entities or Releasees as defined in the Stipulation of Settlement to any person or entity for indemnification, contribution, or otherwise on any claim where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Global Estate; *provided, however*, that, if the Estate Representative obtains any judgment against any such person or entity based upon, arising out of, or relating to any such claim, that person or entity shall be entitled to a judgment credit

equal to the greater of (i) an amount that corresponds to the percentage of responsibility that the CIBC Defendants or Additional Entities are deemed to have after adjudication thereof, for the damages to the Estate Representative on account of such claims or (ii) the Settlement Payment Dollar Amount.

2.  The Releasees are permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim, against any person or entity arising under state, federal, or common law, however styled, whether for indemnification or contribution or otherwise denominated where the alleged injury to such Releasees is or arises from that Releasee's alleged liability to the Global Estate, including, without limitation, any claim in which any Releasee seeks to recover from any person or entity, including another Releasee, (i) any amounts any such Releasee has or may become liable to pay to the Global Estate and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Global Estate.

3.  Notwithstanding any other terms of this Order, nothing in this Order shall be construed to compromise, limit, restrict, bar or preclude the prosecution of any claim by any person or entity in any other proceeding, or shall limit the right or ability of any such person or entity to seek all relief and damages available to him, her or it at law or in equity, except that any claim by such person or entity, where the alleged injury to such person or entity is or arises from that person's or entity's alleged liability to the Global Estate, is permanently barred, enjoined and restrained from being commenced, prosecuted or asserted against the Releasees.

4.      If, notwithstanding this Bar Order, a person or entity obtains a judgment against any of the Releasees on any Claim where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Estate Representative, or on any other Claim, however denominated, to recover directly or indirectly from such Releasee (*i*) any amounts that the person or entity who obtains the judgment against the Releasee might become liable to pay to the Estate Representative or (*ii*) any costs, expenses, or attorneys' fees that such person or entity might incur in defending any claim against him, her, or it by the Estate Representative, the Estate Representative agrees that it will reduce or credit any judgment or settlement (up to the amount of such judgment or settlement) that it might obtain against that person or entity by an amount equal to the amount of that person's or entity's judgment against the Releasee, which amount shall be credited to the Releasee.

5.      If a Final judgment is entered in favor of the Estate Representative against any person or entity before the adjudication of such person's or entity's then-pending claims against any Releasee, including a Released Claim, and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Estate Representative, then any funds collected on account of such judgment shall not be distributed but shall be held in trust pending final adjudication of such claim against the Releasee(s), and such funds shall be used as a credit against any judgment rendered in favor of the person or entity against the Releasee(s) as provided in paragraph 4.

6.  This Bar Order shall take effect as of the Settlement Payment Date as defined in the Stipulation of Settlement.

7.  There being no just cause for delay, this Bar Order shall be entered forthwith as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of November, 2008

_____
Honorable Gerard E. Lynch
United States District Judge